## Armstrong *v.* Buffalo, Rochester & Pittsburgh Railway Co., Appellant.

*Negligence—Automobiles—Railroad crossing—Collision — Case for jury.*

In an action to recover damages for personal injuries, it appeared that the plaintiff was riding in an automobile truck which was struck at a grade crossing by a train of the defendant company. It further appeared that the driver of the truck stopped 26 feet from the railroad track and thereafter proceeded across the tracks at a reduced speed. When the front wheels of the truck were on the track, the locomotive, coming from the south at a speed of 30 miles an hour, struck the truck behind the driver's seat causing the accident and injuring the plaintiff. It was also testified that no signal was given by the approaching train.

Under such circumstances, the case was for the jury, and a verdict for the plaintiff will be sustained.

Argued April 27, 1923. Appeal, No. 43, April T., 1923, by defendant, from judgment of C. P. Jefferson Co., Jan. T., 1921, No. 44, on verdict for plaintiff in the case of George Armstrong v. Buffalo, Rochester & Pittsburgh

338 ARMSTRONG *v.* BUFFALO, R. & PGH. RY. CO., Appel.

Statement of Facts—Opinion of the Court. [81 Pa. Superior Ct.

Railway Co. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the amount of $1,376.90 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*W. C. Miller,* and with him *H. B. Hartswick* and *John G. Whitmore* and *C. Z. Gordon,* for appellant.

*Charles J. Margiotti,* for appellee.

OPINION BY HENDERSON, J., July 12, 1923:

The assignments of error raise but one question—was the defendant entitled to binding instructions because of the contributory negligence of the plaintiff? The collision occurred at a much traveled highway crossing on the line of the defendant company. The plaintiff was driving a truck in which eleven men were riding with him. He stopped at a place about 26 feet from the railroad track for the purpose of ascertaining whether a train was approaching from either direction. There is a sharp curve in the track south of the crossing because of which the view of the track in that direction was limited to about 330 feet. No signal of the approach of a train was given by whistle, bell or otherwise, and the driver thereupon approached the track at a speed of about three miles per hour, the truck being in "low gear." When the front wheels were on or at the track, a locomotive coming from the south at a speed of 30 miles an hour struck the truck behind the driver's seat thus causing the accident and the injury to the plaintiff because of which this action was brought. The evidence is that

the place where the truck was stopped was the best place from which to make observations as to the safety of the crossing, and there is evidence that at different times between the place where the plaintiff stopped and the place where the truck was struck, the plaintiff and some of the men with him looked in each direction along the track to ascertain whether railroad cars were approaching and nothing was observed until the truck was at the track when the locomotive came around the curve. The line of view to the south was shortened as the truck approached the rails and the distance from the locomotive to the truck at the time it was first observed was about 100 feet. With the danger impending the driver endeavored to turn toward the north, but was unable to do so in time to avoid the injury. Account being had of the speed of the locomotive, it is obvious that the time between its appearance around the curve and the collision was perhaps five or six seconds. That care was exercised in stopping and looking and listening at the appropriate place is not controverted. There was no negligence therefore under the evidence in starting across the track. It was the duty of the driver to continue to look and listen and there is evidence that this was done. The jury might well have concluded that the driver was committed to the crossing when the locomotive became visible. The contention in support of the charge of negligence is that the driver should have seen the car a little further down the track, but observations were required in two directions and to the driver was committed the management of the truck on a road along which a street car track was laid. The duty of the driver did not involve impossible or impracticable care. The evidence furnishes no warrant for the conclusion that the plaintiff intentionally attempted to cross in front of a moving locomotive and while a driver is required to exercise a high degree of care in such circumstances, the question whether he so acted is ordinarily one for the jury. It is only where the facts appear without perad-

venture that the imputation of contributory negligence can be made by the court.   What the driver of the truck should have done in the very few seconds in which action was possible is not a question of law under the evidence as presented, but one for the jury.   The absence of warning signals was an invitation to the plaintiff to cross the track and if as the testimony discloses he continued to look for danger, he complied with the obligation imposed on him by the law.   It was for the jury to say whether he did so.

The assignments of error are overruled and the judgment is affirmed.